REDACTED REDACTED SBNC

comAO 245B (Rev. 3/01) Sheet 1 - Judgment in a Criminal Case

# United States District Court

**District of Minnesota**

UNITED STATES OF AMERICA
v.
AARON LEE MAY

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)
Case Number: 02-391(02)(DWF/RLE)
K. Scott Belfry
Defendant's Attorney

RECEIVED
JUN 30 2003
U.S. PROBATION OFFICE
ST. PAUL, MINNESOTA

**THE DEFENDANT:**

[X] pleaded guilty to count(s): Three of the Indictment.
[] pleaded nolo contendere to counts(s) which was accepted by the Court.
[] was found guilty on count(s) after a plea of not guilty.

Accordingly, the court has adjudicated that the defendant is guilty of the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. §§ 922(j) and 924(a)(2) | Possession of a stolen firearm. | October 2000 | 3 |

The defendant is sentenced as provided in this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[] The defendant has been found not guilty on counts(s) .
[] Count(s) (is)(are) dismissed on the motion of the United States.

Special Assessment Amount $100.00 in full and immediately.

IT IS ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Defendant's Soc. Sec. No.: [redacted]-2866
Defendant's Date of Birth: [redacted]/80
Defendant's USM No.: 10807-041

Defendant's Residence Address:
[redacted], Redby, MN 56670
Defendant's Mailing Address (if different from residence address):
Same as above.

JUNE 25, 2003
Date of Imposition of Judgment

Signature of Judicial Officer

DONOVAN W. FRANK, United States District Judge
Name & Title of Judicial Officer

JUNE 25, 2003
Date

A true copy in 4 sheet(s) of the record in my custody.
Certified June 25, 2003
by [signature]
Deputy Clerk

Aaron L May Jr
1-12-04

RECEIVED
JUN 27 2003
U.S. PROBATION OFFICE
MINNEAPOLIS, MINNESOTA

GOVERNMENT EXHIBIT
1
02-391

Filed
Richard D. Sletten, Clerk
Judgment Entd
Deputy Clerk

SCANNED
FEB 08 2005

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **8 MONTHS**.

[X] The Court makes the following recommendations to the Bureau of Prisons:

1. **Defendant be confined in the prison facility in Duluth, Minnesota, or, in the alternative, Sandstone, Minnesota, to be close to his family living on the Red Lake Indian Reservation.**
2. **Defendant participate in a program for treatment of chemical dependency and anger management.**

[X] The defendant is remanded to the custody of the United States Marshal.

[] The defendant shall surrender to the United States Marshal for this district.
[] before on .
[] as notified by the United States Marshal.
[] as notified by the Probation or Pretrial Services Officer.

[] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
[] before on .
[] as notified by the United States Marshal.
[] as notified by the Probation or Pretrial Services Officer.

# RETURN

I have executed this judgment as follows:

________________________________________

________________________________________

________________________________________

Defendant delivered on ____________________ to ____________________

at ____________________, with a certified copy of this Judgment.

____________________
UNITED STATES MARSHAL

By ____________________
Deputy U.S. Marshal

DEFENDANT: AARON LEE MAY
CASE NUMBER: 02-391(02)(DWF/RLE)

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **2 YEARS**.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

[ ] The above drug testing condition is suspended based on the Court's determination that the defendant poses a low risk of future substance abuse.

[X] The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this Judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this Judgment.

The defendant shall comply with the standard conditions that have been adopted by this Court (set forth below). The defendant shall also comply with the additional conditions on the attached page (if indicated below).

# STANDARD CONDITIONS OF SUPERVISION

1) The defendant shall not leave the judicial district without permission of the Court or probation officer;
2) The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) The defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4) The defendant shall support his or her dependants and meet other family responsibilities;
5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6) The defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) The defendant shall permit a probation officer to visit home or her at an time a home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court;
13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

# SPECIAL CONDITIONS OF SUPERVISION

a The defendant shall not commit any crimes, federal, state, or local.

b The defendant shall abide by the standard conditions of supervised release recommended by the Sentencing Commission.

c The defendant shall refrain from possessing a firearm, destructive device, or other dangerous weapon.

d The defendant shall undergo mandatory drug testing as set forth by 18 U.S.C. §§ 3563(a) and 3583(d).

e The defendant shall participate, as instructed by the probation officer, in a program approved by the U.S. Probation Office for treatment of narcotic addiction or drug dependency **including but not limited to any anger management treatment**, which may include counseling and testing, to determine of the defendant has reverted to the use of drugs. **Defendant is to make a good faith effort to find an AA and/or NA sponsor.**

f The defendant shall participate in a psychological/psychiatric counseling or treatment program, as approved by the probation officer.

| Rpt | Date | Time | Offcr | Subject |
|---|---|---|---|---|
| 01 | 01/10/2005 | 2241 | 08116 | Domestic Assault |

REDACTED
REDACTED

Synopsis:

On 011005, Deputies of the Beltrami County Sheriffs Department responded to a report of a Domestic disturbance at [redacted] Victim, Maria LaRose provided a taped statement regarding the alleged assault. Photographs of injuries were taken by this Deputy.

A formal complaint request form will be forwarded to the County Attorneys office for review of charges. An abuse neglect form will also be forwarded to Beltrami County Child protection for informational purposes. Battered Womens sheltered was notified.

Persons Mentioned:

1. Complainant/Victim
LaRose, Maria Louise Dob [redacted]80
[redacted], Bemidji, Mn

2. Suspect
May, Aaron Lee Dob [redacted]80
[redacted], Bemidji, Mn

Children:
1. King, T[redacted] Dob [redacted] Age [redacted]
2. May, A[redacted] L[redacted] Dob [redacted]
3. May, T[redacted] J[redacted] Dob [redacted]
4. May, M[redacted] Dob [redacted]
Address: SAA

Details:

On 011005 at approximately 1842 hours, Deputies of the Beltrami County Sheriffs Department responded to [redacted] reference a report of a domestic situation.

Upon arrival I spoke with a female identified as Maria LaRose. Maria appeared upset, and was crying. Maria stated that her boyfriend, Aaron May, had assaulted her and left on foot in a Westerly direction.

I asked Maria what precipitated the altercation and she stated that she had approximately $100 dollars left over after paying her rent. Maria stated that she needed to use the extra money for propane, however, Aaron wanted the money. Maria stated that when she would not give Aaron the money, an argument ensued.

GOVERNMENT EXHIBIT
2
02-391

Maria stated that she told Aaron to leave, at which time he did. Maria stated she locked the door when Aaron left. Maria stated that just a few minutes later she heard someone kicking her front door. Maria stated she knew it was Aaron and that it was too cold for him to walk anywhere.

Maria stated that she eventually opened the door for Aaron because she did not want him to damage the door. Maria stated that her landlord has a damage deposit from her and she does not want to lose that money.

Maria stated that when Aaron came in the front door, he immediately shoved her backwards into the closed closet door behind her. Maria stated she lost her balance and fell to the floor.

Maria stated that she was lying on her back, and which time Aaron sat on top of her, straddling his legs around her. Maria stated that Aaron proceeded to slap and punch her in the face with his right hand, while grabbing her hair with his left hand. Maria stated she was yelling at her 5 year old son to call 911. Maria stated her son brought the phone to her and placed it on the floor. Maria stated that Aaron grabbed the phone before she could and stated something to the effect of 'your not going anywhere, I'll hold you here'.

Maria stated her son then proceeded to hit Aaron with a broom in an attempt to get Aaron off of her. Maria stated she then heard a knock at the door. Maria stated that she started to yell, CALL THE POLICE. When she did this, Aaron got off her and ran out the front door, passing by the individual standing outside the door. Maria stated that Aaron left with her telephone in his hand.

Maria stated she then noticed her cousin, Simon King had been the individual standing at the door knocking. Maria stated Simon left prior to Deputies arriving.

Maria provided a taped statement reiterating the above information. It should be noted that I observed several scratch marks on Maria's upper right chest area. Photographs of these injuries were taken.

Maria stated she was going to go to Red lake in an attempt to pick up one of her relatives to stay with her and the children. Maria further stated that she would bring a telephone back with her.

A formal complaint request form will be forwarded to the County Attorneys office for review of charges. An abuse neglect form will also be forwarded to Beltrami County Child protection for informational purposes. At approximately 0008 hours, I notified the Battered Womens shelter and spoke with Robin, An adavocate at the shelter.

Case status; Cleared.

Evidence in Custody:

1. Photographs
2. taped statement

End of report/8116/Haugen.